# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff, vs. **VERAL R.H. SMITH,** Defendant. | CASE NO: CR99-25-N-EJL  **MEMORANDUM, DECISION, AND ORDER** |

Defendant has filed a motion to quash/dismiss the probation violation petition pending against him in this matter. The motion generally challenges the validity of the petition filed on September 13, 2005. (Dkt. No. 146). In particular Defendant notes the errors in the petition are: the filed petition is not signed by the probation officer, it was not made under oath before a magistrate judge, it alleges violations without supporting facts, and it violates the Fourth Amendment. As a result the Defendant asserts the petition fails to be a proper "complaint" as required by the Federal Rules of Criminal Procedure and General Order No. 187[1] and this Court is without subject matter jurisdiction.

The government's response addresses each of the arguments raised in the motion noting the

---

[1] General Order 187 was entered on November 15, 2005 adopting provisions relating to electronic case filing (effective Jan. 1, 2005).

ORDER-Page 1
06ORDERS\Smith_PV.wpd

probation officer signed a copy of the petition maintained in the Probation Office file and that the docketed petition contained the signature of this Court. Further, the petition need not provide facts but, as directed by 18 U.S.C. § 3603, the probation officer's duties are to report violations to the Court. It is for the Court rather to determine whether there is merit to the alleged violations.

> Federal Rule of Criminal Procedure 3, upon which Defendant relies, states:
>
> The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge or, if non is reasonably available, before a state or local judicial officer.

This rule applies to criminal complaints. Here we are dealing with a probation violation petition and Rule 3's requirements are not applicable. Instead, Rule 32.1 applies to revocation or modification of probation or supervised release. Under that rule after a violation petition is filed the person has the right to promptly appear before a magistrate judge for an initial appearance or preliminary hearing where they are notified of the alleged violations and of their rights; including the right to counsel. The subsequent revocation/modification hearing is governed by 18 U.S.C. §§ 3563, 3565, and 3583. Applicable here is § 3583(e) which governs modification or revocation of supervised release and allows the Court to terminate, extend, modify, or revoke a term of supervised release as detailed in the statute. Revocation is proper where the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. § 3583(e)(3).

Having reviewed the Defendant's arguments the Court finds they are without merit and the motion should be dismissed. The signature process used in filing this petition is in compliance with General Order No. 187. There is no requirement that the petition contain facts or that it be made under oath before a magistrate judge as argued in the motion. The rules governing the filing of criminal complaints, warrants for arrests, and the like are not applicable to a violation petition. Finally, the process required by Rule 32.1 has been followed in this case and, therefore, Defendant's Fourth Amendment rights have not been violated; Defendant appeared before Judge Boyle shortly after the filing of the petition and this Court later continued the revocation hearing and appointed counsel to assist Defendant.

**ORDER**

Based on the foregoing and being fully advised in the premises the Court **DENIES** Defendant's Motion to Quash/Dismiss (Dkt. No. 158). This order shall be served personally upon the Defendant at his home address and upon the Federal Defenders of Eastern Washington and Idaho.

DATED: **January 17, 2006**

Honorable Edward J. Lodge
U. S. District Judge